HOLMAN LAW OFFICE
Kristina S. Holman, SBN No. 3742
3470 E. Russell Road, Suite 202
Las Vegas, NV 89120
Tel: (702) 614-4777
Fax: (702) 487-3128
Email: *kholman@kristinaholman.com*
*Attorney for Plaintiff,*
*        Renae Simms*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RENAE SIMMS,<br><br>                    Plaintiff,<br><br>vs.<br><br>STRATEGIC BEHAVIORAL HEALTH, LLC, a Delaware corporation; BHC MONTEVISTA HOSPITAL, INC. incorrectly named as MONTEVISTA HOSPITAL, a Delaware corporation; DOES I through X, inclusive; and, ROE CORPORATIONS 1 through X, inclusive.<br><br>                    Defendants. | CASE NO.: 2:19-cv-01998-JCM-VCF<br><br>**FIRST AMENDED COMPLAINT**<br>**(Jury Demanded)** |

PLAINTIFF, RENAE SIMMS (hereinafter "Plaintiff" or "Ms. Simms") filed her complaint on November 15, 2019. Now, by and through her attorney, Kristina S. Holman, Ms. Simms files this First Amended Complaint with the court.

### JURISDICTION AND VENUE

1.     This is a civil action for damages under federal statutes prohibiting race discrimination and retaliation, and to secure the protection of and to redress deprivation of rights under these laws.

-1-

2.     Plaintiff's statutory claims arise under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e *et seq.*; the Civil Rights Act of 1991, ("1991 Civil Rights Act"). The Plaintiff asserts she was treated differently and terminated from her employment because of her race.

3.     All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e 5(f)(3), have occurred or been complied with as herein described:

(a)     Plaintiff filed a formal "Charge of Discrimination" (EEOC Charge No. 487-2018-01465, copy attached as Exhibit 1), which is within the 300 days of the commission of the unlawful employment practices alleged herein.

(b)     Plaintiff received the August 16, 2019 Right to Sue Notice on or about August 19, 2019. Therefore, Plaintiff has filed her Complaint in a timely manner.

4.     Venue is proper in the Federal District Court of Nevada pursuant to 28 U.S.C. §1391(b) because the unlawful employment practices were committed in and arose in the District of Nevada.

## THE PARTIES

5.     Plaintiff, RENAE SIMMS, during the relevant time period, was a resident of the County of Clark, State of Nevada. At all times relevant hereto, Plaintiff was first employed by STRATEGIC BEHAVIORAL HEALTH, LLC, the parent company for BHC MONTEVISTA HOSPITAL, INC. (hereinafter "Strategic Behavioral Health," "Montevista," "the hospital," "Employer," or "Defendant") beginning in or around February 12, 2018 as an Assessor Intake Referral Specialist at Montevista Hospital in Las Vegas, Nevada.

6.     Defendant Strategic Behavioral Health is a corporation licensed to conduct business in Nevada with its office and place of business in Memphis, Tennessee, and is qualified to do business in the State of Nevada.

7.     As Plaintiff's employer during the relevant time period, Defendant Strategic Behavioral Health is required to comply with all state and federal statutes which prohibit race discrimination, harassment, and retaliation.

8.     Doe Defendants I-X, inclusive, are persons whose true identities are unknown to Plaintiff at this time. Individual Doe Defendants are persons acting on behalf of or at the direction of any corporate or business Defendants or who may be officers, employees, or agents of Defendant Strategic Behavioral Health and/or Roe Corporation and acted to deprive Plaintiff of her rights. The Roe Corporations may be parent companies, subsidiary companies, owners, predecessor or successor entities, or business advisers, de facto partners, or joint ventures of Defendant Strategic Behavioral Health. Plaintiff alleges that individual Does I-X and Roe Corporation Defendants I-X may have authorized, committed, directed, and/or assisted in the commission or ratified the commission of the unlawful discriminatory and/or tortious acts directed toward Plaintiff and thus, may be responsible in whole or in part, for her damages. Plaintiff will seek leave to amend this Complaint as soon as the true identities of Doe/Roe Defendants are revealed.

## FACTS

9.     Plaintiff, Ms. Simms, an African American female, was hired by Defendant Strategic Behavioral Health on or about February 12, 2018 as an Assessor Intake Referral Specialist at Montevista Hospital in Las Vegas, Nevada. Throughout the course of her employment, she maintained an excellent performance record and worked well with management and staff.

10.     The Defendant employee who hired Ms. Simms was Shahida Newkirk, an African American female who served as Director of Assessments and Referrals. She made clear to Ms. Simms that she (Ms. Simms) was being hired to assess and refer clients to Montevista, but most importantly, to sign up clients, as there was no employee at that time specifically assigned to do that.

11.     Soon after Ms. Simms was hired, she states that some of her co-workers asked her to pick a side – "black" or "white." This alerted her to what she soon experienced as a hostile work environment based upon race discrimination by Caucasian co-workers and management.

12.     In a few weeks, Ms. Newkirk resigned her position at the hospital, leaving the new hires like Ms. Simms without proper training to fulfill their job duties. Ms. Simms believes that it was because of this "white versus black" work environment that Ms. Newkirk resigned.

13.     Ms. Simms states that the experienced employees were unwilling to answer questions or to assist in her training, but she persisted, successfully teaching herself the specifics of her job.

14.     Ms. Simms soon filled the hospital with patients who fit the criteria for admittance. Two extra wings were opened to accommodate the new influx of patients. This was quite an accomplishment since the hospital had not been filled for more than four years.

15.     However, the racial discrimination permeated her work environment. For example, the night crew was called "The Black Ink Crew," as they were mostly African American. Ms. Simms states that this was reported to Human Resources, but no action was taken.

16.     In March 2018, a Caucasian employee unplugged the fax machine which prevented Montevista from receiving new patients from other hospitals.  The hospital sent out a memo that anyone who intentionally unplugged the fax machine would be investigated and if proven that they

-4-

did it, would be terminated. Ms. Simms never received any information of any investigation or discipline of the employee who unplugged the machine.

17.     On April 3, 2018, a Caucasian nurse misdiagnosed a patient as having a certain psychiatric condition when the accurate diagnosis was another psychiatric condition. Ms. Simms states she called the Caucasian nurse more than 10 times in order for her to assess this client. When the Caucasian nurse finally answered but then fell asleep in the middle of her phone call with Ms. Simms.  When Ms. Simms objected to her diagnosis, and the Caucasian nurse then became angry and complained about Ms. Simms to the hospital doctors (all Caucasian).

18.     On April 4, 2018, the hospital manager (Caucasian male) accused Ms. Simms of assessing an elderly person and being rude to her family when they wanted to provide additional documentation.  He said that Ms. Simms stated to the client and his family that she did not want the documents.  Ms. Simms promptly reported to Human Resources that she never assessed this client and that allegations made against her were false. Later, HR reviewed video-taped footage and concluded Ms. Simms was correct.

19.     On April 13, 2018, Ms. Simms spoke with the CEO and hospital manager about a Caucasian receptionist who was not instructing new clients to properly complete paperwork, which was part of her job.  Instead of making sure this receptionist was doing her job properly, the hospital assigned Ms. Simms that responsibility.

20.     On May 6, 2018, Montevista terminated Ms. Simms employment.  No reason was given. Ms. Simms believes it was in retaliation for her complaints to management and HR regarding race discrimination.

. . .

. . .

## FIRST CAUSE OF ACTION
### *Race discrimination under federal*
### *anti-discrimination statutes*

21.     Plaintiff Ms. Simms repleads and realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 20 above as if fully set forth.

22.     Defendant Montevista as an employer, knew or should have known of its long-standing obligation, pursuant to state and federal statutes, to maintain a workplace free of race discrimination.

23.     Defendant Montevista failed to take reasonably adequate steps to prevent race discrimination in its workplace.

24.     Defendant Montevista failed to institute effective institutional policies to remedy complaints about conduct which might constitute race discrimination.

25.     Therefore, Ms. Simms charges that Defendant Montevista has discriminated against her based upon race, and that Defendant Montevista allowed, authorized and ratified these actions.

26.     Ms. Simms has also suffered mental and emotional distress as a result of this unlawful discrimination.

27.     As a direct and proximate result of Montevista's discrimination, Ms. Simms has been deprived of economic benefits, including, but not limited to, lost wages, loss of fringe benefits, earning capacity, and loss of job opportunities (promotions) in an amount to be proven at the time of trial.

28.     Ms. Simms is entitled to be fully compensated for all damages she has sustained.

29.     It has been necessary for Ms. Simms to retain the services of an attorney and she should be compensated therefor.

. . .

## SECOND CAUSE OF ACTION
### Retaliation under federal
### anti-discrimination statutes

30.    Plaintiff repleads and realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 29 above as if fully set forth.

31.    Defendant Montevista knew or should have known of its obligation to refrain from and prevent retaliatory acts against Ms. Simms and Defendant failed to do so.

32.    Defendant Montevista subjected Ms. Simms to adverse terms and conditions of employment after she reported incidents of harassment which constitute unlawful retaliation.

33.    Defendant Montevista further retaliated against Ms. Simms by failing to take corrective action after her continual reports of harassment.

34.    As a direct and proximate result of Montevista's discrimination, Ms. Simms has been deprived of economic benefits, including, but not limited to, lost wages, loss of fringe benefits, earning capacity, and loss of job opportunities (promotions) in an amount to be proven at the time of trial.

35.    Defendant Montevista's retaliatory actions against Ms. Simms have caused, continue to cause, and will cause her to suffer substantial damages for future pecuniary losses, mental anguish, loss of enjoyment of life, inconvenience, and other nonpecuniary losses.

36.    It has been necessary for Ms. Simms to retain the services of an attorney. She is entitled to reasonable attorneys' fees, including litigation expenses, and the costs in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, RENAE SIMMS, respectfully prays as follows:

1.    A trial by jury on all issues;

2.   All employment-related losses subject to proof;

3.   All compensatory, special and general damages allowed by law;

4.   Punitive damages in an amount found by the jury to be sufficient to punish and/or deter Defendant and all others from engaging in any such conduct in the future as an example to other employers not to engage in such conduct;

5.   Attorneys' fees and costs of suit incurred herein;

6.   Prejudgment interest;

7.   Injunctive relief as appropriate; and

8.   Such other and further relief as the Court shall deem just and proper.

Dated this 22nd day of November, 2019.

By: Kristina S. Holman
Kristina S. Holman
Holman Law Office
Nevada Bar No. 3742
3470 E. Russell Road, Suite 202
Las Vegas, NV 89120
Tel: (702) 614-4777
*Attorney for Plaintiff,*
*Renae Simms*

**EXHIBIT 1**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 487-2018-01465 |

Nevada Equal Rights Commission                                                    and EEOC

_State or local Agency, if any_

| Name _(indicate Mr., Ms., Mrs.)_ | Home Phone | Year of Birth |
|---|---|---|
| Ms. Renae  Simms | ▓▓▓▓▓▓▓▓ | ▓▓ |

| Street Address | City, State and ZIP Code |
|---|---|
| ▓▓▓▓▓▓▓ Las Vegas, NV 89126 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  (_If more than two, list under PARTICULARS below._)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| MONTEVISTA HOSPITAL | 501+ | |

| Street Address | City, State and ZIP Code |
|---|---|
| 5900 Rochelle Ave,  Las Vegas,  NV 89103 | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON _(Check appropriate box(es).)_ | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN<br>☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION<br>☐ OTHER _(Specify)_ | Earliest: 04-01-2018    Latest: 05-06-2018<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE (_If additional paper is needed, attach extra sheet(s)):_

On or about February 12, 2018, I was hired by the Montevista Hospital in the position of Assessor Intake Referral Specialist. My last position held was Assessor Intake Referral Specialist. Throughout my employment, I was racially harassed several co-workers creating a hostile work environment. Such as but not limited to, my co-workers creating a Black versus White atmosphere. I informed Respondent of the hostile work environment; however, no action was taken to investigate or to promptly correct. On or about May 06, 2018, I was discharged. Other similarly situated co-workers, not of my protected classes, were not discharged for same or similar reasons. I informed Respondent of the disparate treatment; however, no action was taken to investigate or to promptly correct.

I believe I was discriminated against because of my Race (African-American), and retaliated against for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – _When necessary for State and Local Agency Requirements_ |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br><br>Digitally signed by Renae Simms on 02-07-2019 01:56 PM EST | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(_month, day, year_) |